FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 08 2010 ★
BROOKLYN OFFICE

**LAW OFFICES OF**

**O'KEKE & ASSOCIATES, P.C.**
255 LIVINGSTON STREET, 3rd FL.
BROOKLYN NY, 11217
PHONE: (718) 855-9595
Attorneys for plaintiff

------------------------------X------------------------------

| | |
|---|---|
| ERNESTO MUNOZ | : UNITED STATE DISTRICT COURT |
|           Plaintiff, | : ~~SOUTHERN~~ DISTRICT OF NEW YORK |
| | : Eastern |
| | : CASE No.: 10 1041 |
| against | : |
| | : CIVIL ACTION |
| | : |
| THE CITY OF NEW YORK, | : **COMPLAINT** |
| NEW YORK CITY POLICE DEPARTMENT | : |
| "JOHN DOE" and "JANE DOE" 1'through' | : **PLAINTIFF DEMANDS** |
| 5 inclusive the name of the last | : TRIAL BY JURY |
| defendant being fictitious, the true | : |
| name of the defendant being unknown | : |
| to the plaintiff. | : |
| | : |
|           Defendant(s). | : |

------------------------------X------------------------------

TAKE NOTICE, the Plaintiff, ERNESTO MUNOZ, hereby appears in this action by his attorney, ADANNA U. UGWONALI Esq. and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, ERNESTO MUNOZ, by his attorney, ADANNA U. UGWONALI Esq., complaining of the defendants, The City of New York, The New York City Police Department and Police Officers " John Doe" and "Jane Doe" 1'through'5 collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1.   This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the excessive force and negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff resides in Manhattan, New York and is a resident of the State of New York.

7. Defendant "John Doe" and "Jane Doe" 1'through'5 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

8. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

9. On or about November 21, 2008 at approximately 9.00 am police officer 'John Doe' employed by the New York City Police Department and assigned to the 72nd and or 75th precinct, arrested the plaintiff without probable cause and/or justification, and falsely charged him with VTL 1192 'Operating a Motor Vehicle While Under the Influence' amongst other charges.

10. Prior to and after affecting the illegal arrest against the plaintiff, plaintiff in the early hours of November 21, 2008 had been waiting for approximately 30 minutes with his brother-in-law for a mechanic, on or about the junction of the Brooklyn Queens Expressway and Third Avenue located in New York NY, when without warning or justification he was approached by the defendant officers, who asked for his driver's license. Plaintiff who speaks only Spanish tried to enquire as to what the officers were asking for as he did not fully understand what or why the officers had approached them. That one of the defendant officers then pushed plaintiff and demanded him to turn around and place his hands behind his back. Plaintiff complied and defendant officers then cuffed the plaintiff and led him to a police vehicle. The cuffs were placed on so tight, it led to plaintiff wrists bleeding and left long term scars on plaintiff's wrists. Thereafter plaintiff was transported to the NYPD 72nd Precinct. That on arrival at the precinct one of the defendant officers grabbed the plaintiff by the cuffs and then grabbed his thumb and started twisting the plaintiff's thumb as if with an intent to break said thumb. The plaintiff who was already in so much pain from the handcuffs and completely in shock as to the events of the morning, started groaning in pain from the defendant twisting his thumb. Defendant officer walked the plaintiff all the way into the precinct and then grabbed plaintiff by the head and slammed plaintiff's head into the front desk of the precinct, causing the plaintiff to suffer bruises and swelling to the head. Plaintiff was then placed in a holding cell and after a few minutes he was then led to another police car that transported him to the 74th precinct. Once at the 74th precinct, plaintiff was read his rights in English and subjected to an alcohol test in English which plaintiff passed. Plaintiff was then placed in a holding cell at the 74th precinct for several hours before being transported back to the 72nd precinct and held in another holding cell for several more hours. All this time, plaintiff was denied access to food, drink, or communication with any third party including an attorney. Thereafter plaintiff was transported to the Central Booking division of the New York County Criminal Court. Where

3

again the plaintiff was placed in a holding pen with numerous other arrestees. Eventually the plaintiff was transported to the Rikers Island Correctional Facility where he was held until April 26, 2009, when he went to trial and was acquitted of all charges after trial.

11. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed, they still proceeded to arrest plaintiff, charge, use excessive force to assault and incarcerate plaintiff just to intimidate plaintiff.

12. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff operate a motor vehicle under the influence of any type of alcohol or drugs.

13. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of his body some or all of which may be permanent.

14. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

15. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

16. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of this attack, he continues to suffer from nightmares, is fearful of going outside and when he sees the police, he suffers from disturbing emotional attacks, in addition, he has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

17. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

18. As a direct and proximate result of defendants' actions,

plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

19. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

20. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

21. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force, abuse of process, and the right to due process.

22. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

23. The actions of defendants were malicious, unlawful and directed at depriving the plaintiff of his constitutional rights.

24. This action has been commenced within One year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendants Officers

25. Plaintiff hereby restates paragraphs 1-24 of this complaint, as though fully set forth below

26. By detaining and imprisoning the plaintiff without

5

justification, probable cause or reasonable suspicion, using excessive force, and assaulting plaintiff, the Defendant Officers, deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

27. In addition, the Defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

28. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers named and unnamed were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

29. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

30. Plaintiff hereby restates paragraph 1-29 of this complaint, as though fully set forth below

31. By detaining and imprisoning the plaintiff without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officers deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

32. In addition, the Defendant officers conspired among themselves to deprive plaintiffs of their constitutional rights

secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

33. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers named and unnamed were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

34. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiffs' deprivation of their state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Assault and Battery and use of Excessive Force--all Defendants

36. Plaintiff hereby restates paragraph 1-35 of this complaint, as though fully set forth below

37. In using excessive force, physically assaulting, handcuffing, slamming on the floor, kneeing, hitting threatening and intimidating plaintiffs, the Defendant Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

38. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages hereinbefore stated.

7

## AS A FOURTH CAUSE OF ACTION:

False Arrest; False Imprisonment and
Malicious Prosecution against all defendants

39. Plaintiff hereby restates paragraph 1-38 of this complaint, as though fully set forth below

40. The Defendant Officers wrongfully and illegally detained, and imprisoned the Plaintiff.

41. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

42. At all relevant times, the Defendant Officers acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

43. During this period, the Plaintiffs were unlawfully and wrongfully assaulted, harassed, detained, and threatened.

44. Throughout this period, the Plaintiffs were unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned. Even when and after evidence clearly showed that the plaintiff had committed no crime.

45. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

46. Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

47. The Defendant Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS FOR A FIFTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

49. The Plaintiffs hereby restates paragraph 1-48 of this complaint, as though fully set forth below.

50. The Defendant Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

51. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

52. Defendants, their officers, agents' servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendant Officers named and unnamed, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

**WHEREFORE**, plaintiffs respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: March 5, 2010
Brooklyn, New York

O'keke & Associates, PC.

_____
Adanna Ugwonali, Esq. (AU-3226)
Attorney for Plaintiff
255 Livingston Street
Brooklyn, New York 11217
Tel. (718) 855-9595