

<table>
<tr><td>**MICHAEL A. CARDOZO**<br>*Corporation Counsel*</td><td style="text-align:center">T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH ST.<br>New York, NY 10007</td><td style="text-align:right">**KIMBERLY M. SAVINO**<br>*Assistant Corporation Counsel*<br>Tel: (212) 788-0987<br>Fax:  (212) 788-9776<br>ksavino@law.nyc.gov</td></tr>
</table>

February 24, 2011

**BY ECF**
Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: <u>Ernesto Munoz v. City of New York, et al.</u>, 10 CV 1041 (CBA)(JO)

Your Honor:

   I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York.  For the reasons set forth herein, defendants write to respectfully request a stay of all civil proceedings pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.S. Appx. § 521 (2001).[1]  Plaintiff's counsel takes no position on defendants' application.

   By way of background, plaintiff filed the instant civil rights complaint, alleging, *inter alia,* that on or about November 21, 2008, he was falsely arrested and subjected to excessive force when plaintiff was arrested for numerous Vehicle and Traffic Law violations including Operating a Motor Vehicle while Intoxicated. Plaintiff also alleges that he was falsely imprisoned from his date of arrest until April 26, 2009, when the plaintiff was acquitted after trial. The complaint named as defendants as the City of New York, New York City Police Department, "John Doe" and "Jane Doe" 1 'through' 5. The complaint was amended, and filed with the Court on November 23, 2010, to replace "John Doe" and "Jane Doe" with Police Officer's Stephen Murphy and Daphne James.

---

[1] Section 521 states "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act…unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

Discovery is scheduled to end in this matter on March 14, 2011. Defendants have learned that Officer Stephen Murphy has been activated to military duty and is unavailable to participate in this litigation. Upon information and belief, Officer Murphy was deployed on or about January 21, 2011 and is on military assignment overseas. It is yet unclear when Officer Murphy's tour is scheduled to end and accordingly, when he is expected to return to active duty with the NYPD. Our investigation has also revealed that, upon information and belief, defendant Murphy, while not the arresting office in the alleged incident, was one of the two responding officers who had significant interaction with the plaintiff and made the initial observations of plaintiff exhibiting signs of intoxication, as well as plaintiff's refusal to submit to a breathalyzer test, all of which led to plaintiff's arrest. Officer Murphy, therefore, appears to have vital information regarding the incident alleged in the complaint and plaintiff's arrest. Without ready access to defendant Murphy, defendants are unable to properly defend this matter and would be prejudiced if we were required to do so without ready access to him.

50 U.S.C. Appx. § 521(d) provides that an action shall be stayed by the Court where a full defense to the action cannot be presented because of a defendant's absence from the litigation as a result of military service. Section 521(d) is applicable here because in order for defendants to properly defend themselves in this action, this office must be able to have ready access to Officer Stephen Murphy. Thus, defendants respectfully submit that their defense is materially affected by Officer Murphy's military service. See Franklin v. Balestrieri et. al., 00 Civ. 5883, 2002 U.S. Dist. LEXIS 458 (S.D.N.Y. January 14, 2002) (the Court stayed the action where the defendant officer was activated to military duty in Washington D.C., finding that the officer's military duty materially altered his ability to conduct his defense.)

For the reasons set forth above, defendants respectfully request that this matter be stayed pending completion of Officer Murphy's tour of military duty and his return to the NYPD.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/

Kimberly M. Savino
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Adanna Ugwonali, Esq. (BY ECF)
      *Attorney for Plaintiff*
      Law Office of O'keke & Associates
      255 Livingston Street 3rd Floor
      Brooklyn, NY 11217