**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**                                    **(CBA)(JO)**

---

ERNESTO MUNOZ                                          **CASE No.: 10 CV 1041**

                                        Plaintiff,

                    -against-


THE CITY OF NEW YORK,
P.O. Daphne James Shield 28119,
P.O. Stephen Murphy  Shield 22735.
John Doe 1-3
                                        Defendants.

---

SECOND AMENDED COMPLAINT

PLAINTIFF DEMANDS TRIAL BY JURY

---

    TAKE NOTICE, the Plaintiff, ERNESTO MUNOZ, hereby appears in this action by his attorneys, The Law Offices of 0'keke & Associates, P.C., and demands that all papers be served upon them, at the address below, in this matter.


    Plaintiff, ERNESTO MUNOZ, by his attorneys, The Law Offices of O'keke & Associates,  P.C., complaining of the defendants, The City of New York, P.O. Daphne James Shield 28119, P.O. Stephen Murphy Shield 22735, and John Doe 1-3 collectively referred to as the Defendants, upon information and belief alleges as follows:


**NATURE OF THE ACTION**

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

1

2.      This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the excessive force and negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3.      The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4.      All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.  As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.      All conditions precedent to the filing of this action has been complied with. This action pursuant to the Federal Rules of Civil Practice and all applicable rules and laws, has been commenced within Three years after the happening of the event upon which the claim is based.

## PARTIES

6.      Plaintiff resides in Manhattan, New York and is a resident of the State of New York.

7.      Defendants P.O. Daphne James Shield 28119 and P.O. Stephen Murphy Shield 22735 are police officers for the City of New York, acting under color of state law.  They are being sued in both their individual and official capacity.

8.      Defendants "John Doe" and "Jane Doe" 1'through'3 are unknown correction officers, employed by the New York City Department of Corrections, acting under color of state law.

9.      The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police and Correction Officers.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.      On or about November 21, 2008 at approximately 9.00 am police officers Daphne James and Stephen Murphy employed by the New York City Police Department and assigned to the 75th precinct, arrested the plaintiff without probable cause and/or justification, and falsely charged him with VTL 1192.1, VTL 1192.3, VTL 1212, VTL 509(1) 'Operating a Motor Vehicle While Under the Influence' amongst other charges.

11.      Prior to and after affecting the illegal arrest against the plaintiff, plaintiff in the early hours of November 21, 2008 was standing at or near the junction of the Brooklyn Queens Expressway and Third Avenue located in Brooklyn, New York, County of Kings, when without warning or justification he was approached by the defendant police officers and allegedly asked for his driver's license. The plaintiff not understanding the defendant officers, due to plaintiff's lack of comprehension of the English language, simply stood in the same place trying to comprehend the words that were coming from the defendant officers. Defendant police officers without any warning or reason then proceeded to push plaintiff violently to the ground and handcuffed him. Notwithstanding that the defendant officers acknowledged that plaintiff was not driving or had any indication that plaintiff had been driving under the influence, they proceeded to arrest and run tests on plaintiff to determine his level of intoxication, of which none of the tests came back positive. That in the process of plaintiff being arrested, the cuffs were placed on so tight, it led to plaintiff wrists bleeding and left long term scars on plaintiff's wrists. Thereafter plaintiff was placed in a police vehicle and then transported to the NYPD 72nd Precinct. That on arrival at the precinct one of the defendant officers grabbed the plaintiff by the cuffs and then grabbed his thumb and started twisting the plaintiff's thumb as if with an intent to break said thumb. The plaintiff who was already in so much pain from the handcuffs and completely in shock as to the events of the morning, started groaning in pain from the defendant twisting his thumb. Defendant officer walked the plaintiff all the way into the precinct and then grabbed plaintiff by the head and slammed plaintiff's head into the front desk of the precinct,

causing the plaintiff to suffer bruises and swelling to the head. Plaintiff was then placed in a holding cell and after a few minutes he was then led to another police car that transported him to the 74th precinct.  Once at the 74th precinct, plaintiff was allegedly subjected to various alcohol or sobriety tests in the English language, at the time plaintiff had no knowledge that he was actually being tested due to the breakdown in communication and his lack of understanding of the English language and the defendants unwillingness to conduct the test in plaintiff's native language Spanish, notwithstanding that the defendants had an obligation and the ability to conduct said tests in Spanish, where Spanish was the arrestee's first language.  Plaintiff was tested and then placed in a holding cell at the 74th precinct for several hours before being transported back to the 72nd precinct and held in another holding cell for several more hours. All this time, plaintiff was denied access to food, drink, or communication with any third party including an attorney.  Thereafter plaintiff was transported to the Central Booking division of the New York County Criminal Court, where the plaintiff was again placed in a holding pen, this time with numerous other arrestees.  Eventually the plaintiff was transported to the Rikers Island Correctional Facility where he was held until April 26, 2009, when he went to trial and was acquitted of all charges.  That the defendant officers knew or should have known that no crime had been committed by the plaintiff as plaintiff was never observed drinking and or driving, nor did plaintiff exhibit any signs of one that had been drinking.  The only thing that plaintiff apparently did wrong was his    inability to understand the English language.

12.    That while in the custody of the New York Department of Corrections plaintiff was unlawfully assaulted by one of the Corrections Officer.  Plaintiff was cornered in his cell, while two correction officers covered the cell door, the third correction officer repeatedly struck plaintiff's head violently.  The strikes were so painful that it caused plaintiff to buckle and suffer immediate lacerations and contusions to skin, followed by severe pain, plaintiff was rushed out for medical treatment due to the severity of the assault by John Doe correction officer.

13.    That plaintiff was not allowed to make any phone calls or contact anyone during the entire time he was detained.  All charges against the plaintiff were dismissed after a trial.

14.    That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed, they still proceeded to arrest plaintiff, charge, use excessive force to assault and incarcerate plaintiff just to intimidate plaintiff.

15.     That at no time during the arrest was plaintiff read him Miranda rights or provided with the medical service he requested.

16.     At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.  At no time did the plaintiff trespass or obstruct any act or administration of government, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

17.     As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of his body some or all of which may be permanent. Plaintiff was forced to endure severe humiliation directed at him by friends and members of his community as a result of this arrest and prosecution.

18.     The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment and malicious prosecution because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.  Further, the warrantless use of excessive force on the defendant, during his arrest and while he was in the custody of the defendants, was malicious, negligent, reckless and in bad faith.

19.     As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

20.     As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of this attack, he continues to suffer from nightmares, is fearful of going outside and when he sees the police, he suffers from disturbing emotional attacks, in addition, he has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

21.     As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause for approximately 5 months.

22.     As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

23.     Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

24.     Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

25.     The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force, abuse of process, and the right to due process.

26.     By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

27.     The actions of defendants were malicious, unlawful and directed at depriving the plaintiff of his constitutional rights.

28.     This action has been commenced within Three years and ninety days after the happening of the event upon which the claim is based.

### AS A FIRST CAUSE OF ACTION:

<u>42 U.S.C Section 1983-against Defendants Officers</u>

29.     Plaintiffs hereby restates paragraphs 1-28 of this complaint, as though fully set forth below

30.     By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants' Officers, deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

31.    In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

32.    The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

33.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

### Assault, Battery and Excessive Force--all Defendants

34.    Plaintiff hereby restates paragraph 1-33 of this complaint, as though fully set forth below

35.    In using excessive force, physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendant Police Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

36.    In using excessive force, physically assaulting, threatening, intimidating plaintiff, the Defendant Correction Officers, acting in their capacities as NYC DOC Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

37.    As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:

### False Arrest and False Imprisonment--all defendants

38.    Plaintiffs hereby restates paragraph 1-37 of this complaint, as though fully set forth below

39.     The Defendant Officers wrongfully and illegally detained, and imprisoned the Plaintiff.

40.     The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

41.     At all relevant times, the Officers Defendants acted with excessive force in apprehending, detailing, and imprisoning the Plaintiff.

42.     During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

43.     Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

44.     All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

45.     Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time.  Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondent superior.

46.     The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

47.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.


## AS FOR A FOURTH CAUSE OF ACTION:

### Intentional Infliction of Emotional Distress-all Defendants

48.     The Plaintiffs hereby restates paragraph 1-47 of this complaint, as though fully set forth below.

49.     The Defendant Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

50.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

51.     Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondent superior.

52.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

<u>Negligent and Retention of Employment Services-against defendant City of New York.</u>

53.     Plaintiff hereby restates paragraph 1-52 of this Complaint, as though fully set forth below.

54.     Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

55.     Upon information and belief, Defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

56.     Upon information and belief, Defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

57.     Upon information and belief, Defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

58.     Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiff incurred significant and lasting injuries.

## AS FOR A SIXTH CAUSE OF ACTION:

<u>Excessive Force under 42 U.S.C. § 1983 -all Defendants</u>

59.     The Plaintiffs hereby restates paragraph 1-58 of this complaint, as though fully set forth below.

60.    The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

61.    As a result of the aforementioned conduct of the defendant officers, the plaintiff was subjected to excessive force, resulting in serious and severe physical injuries.

62.    As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered serious personal injuries, and her constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined    at trial, against the defendant officers, individually and severally.

## AS FOR A SEVENTH CAUSE OF ACTION:

### Unlawful Search under 42 U.S.C. § 1983 -all Defendants

63.    The Plaintiffs hereby restates paragraph 1-62 of this complaint, as though fully set forth below.

64.    Following    the    plaintiff's    arrest, the    defendant    officers    searched and/or strip-searched and/or caused the plaintiff and/or he personal property to be searched and/or strip- searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

65.    As a result of the foregoing, the plaintiff was subjected to an illegal and improper search and/or strip-search.

66.    The foregoing unlawful search violated the plaintiff's constitutional rights  to  privacy,  as guaranteed  by  the Fourth,  Fifth  and  Fourteenth  Amendments  to  the  United States Constitution.

67.    As a consequence of  the  defendant officers' individual and/ or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

## AS FOR AN EIGHTH CAUSE OF ACTION:

<u>Denial of a Constitutional Right to a Fair Trial under 42 U.S.C. § 1983 – Due to the Fabrication</u>
<u>/Falsification of Evidence</u>

68.    The Plaintiffs hereby restates paragraph 1-67 of this complaint, as though fully set forth below.

69.    The defendant officers individually and/or collectively created false evidence against the plaintiff.

70.    The defendant officers individually and/or collectively forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

71.    The defendant officers individually  and/or collectively  were  directly  involved  in  the initiation of criminal proceedings against the plaintiff.

72.    The defendant officers individually and/or collectively lacked probable cause to initiate criminal proceedings against the plaintiff.

73.    The  defendant officers individually and/or collectively acted with malice in initiating criminal proceedings against the plaintiff.

74.    The  defendant  officers  individually  and/or  collectively  misrepresented  and  falsified evidence throughout all phase of the criminal proceeding.

75.    The  defendant  officers  individually  and/or  collectively  misrepresented  and  falsified evidence to the prosecutors in the Kings County District Attorney's office.

76.    The defendant officers individually  and/or collectively  withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

77.    The  defendant  officers  individually  and/or  collectively  did  not  make  a  complete statement of facts to the prosecutors in the Kings County District Attorney's office.

78.    By  creating  false  evidence  against   the  plaintiff;  forwarding  false  evidence  and information to the prosecutors; and  by  providing   false  and  misleading testimony  throughout the   criminal proceedings, the defendant officers  individually and/or collectively violated  the plaintiff's constitutional  right  to a fair trial under  the  Due  Process  Clause  of  the  Fifth  and Fourteenth Amendments to the United States Constitution.

79.    As a consequence of the defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and her constitutional rights were violated.   Plaintiff

hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

## AS FOR A NINTH CAUSE OF ACTION:

<u>Malicious Prosecution under 42 U.S.C. § 1983 -all Defendants</u>

80.     The Plaintiffs hereby restates paragraph 1-79 of this complaint, as though fully set forth below.

81.     In maliciously prosecuting the Plaintiff, the Defendant Officers, their affiliates, servants, contractors and/or agents, acting in their individual and official capacities, and within the scope of their employment, each committed a willful, unlawful, unwarranted, malicious prosecution against the plaintiff.

83.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore stated.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1.     On the First Cause of Action against all the defendants, compensatory and punitive damages against all defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2.     On the Second Cause of Action against all the defendants, compensatory and punitive damages against all defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

3.     On the Third Cause of Action against all the defendants, compensatory and punitive damages against all defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

4.     On the Fourth Cause of Action against all the defendants, compensatory and punitive damages against all defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

5.      On the Fifth Cause of Action against all the defendants, compensatory and punitive damages against all defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

6.      On the Sixth Cause of Action against all the defendants, compensatory and punitive damages against all defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

7.      On the Seventh Cause of Action against all the defendants, compensatory and punitive damages against all defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

8.      On the Eighth Cause of Action against all the defendants, compensatory and punitive damages against all defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

9.      On the Ninth Cause of Action against all the defendants, compensatory and punitive damages against all defendants in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

10.     Such other and further relief as this Court may deem necessary in the interest of justice.


        Dated:  May 23, 2017
                Brooklyn, New York


                        O'keke & Associates, PC.,



                        _____
        By:     Patrick O'keke, Esq. [PO-2861]
                801 Franklin Avenue
                Brooklyn, New York 11217
                Tel. No.        : (718) 855-9595
                Fax No.         : (718) 855-9494

Civil Case Number: 10 CV 1 0 4 1                    Attorney: PATRICK O'KEKE [PO 2861]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**                                    **(CBA)(JO)**

---

ERNESTO MUNOZ                                        **CASE No.: <u>10 CV 1041</u>**

                                        Plaintiff,

                -against-


THE CITY OF NEW YORK,
P.O. Daphne James Shield 28119,
P.O. Stephen Murphy  Shield 22735.
John Doe 1-3

                                        Defendants

---

**O'KEKE & ASSOCIATES, P.C.**
801 Franklin Avenue
Brooklyn, New York  11238
PHONE: (718) 855-9595  FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:


Defendants/Attorney(s) For Defendants.

---

Service of a copy of the within is hereby admitted

Dated: _____

Attorney(S) For: _____

---

14